IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ADRIAN PALMER,<br>    Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. A06-CA-350-SS |
| SBC/ATT,<br>    Defendant. | § § § | |

## DEFENDANT'S MOTION TO CONSOLIDATE LAWSUITS

TO THE HONORABLE JUDGE SPARKS:

Defendant Southwestern Bell Telephone, L.P., d/b/a AT&T Texas ("Southwestern Bell"),[1] respectfully prays, pursuant to FED. R. CIV. P. 42(a), that this lawsuit be consolidated with the lawsuit pending in this Court captioned *Adrian Palmer, Plaintiff v. SBC/ATT, Defendant*, United States District Court for the Western District of Texas, Austin Division, No. A06-CA-478-SS for purposes of discovery and trial.

### Background

Mr. Palmer's first lawsuit (No. A06-CA-478-SS): Mr. Palmer sued Southwestern Bell on May 6, 2006 in Travis County, Texas District Court alleging that Southwestern Bell had wrongfully terminated him in violation of the Family and Medical Leave Act ("FMLA"). After Mr. Palmer served Southwestern Bell with his Original Petition, Southwestern Bell removed the lawsuit to this Court. A Scheduling Order was entered August 8, 2006, and Southwestern Bell has served Mr. Palmer with discovery.[2]

---

[1] Defendant has been incorrectly named by Plaintiff. Defendant's correct name is Southwestern Bell Telephone, L.P., d/b/a AT&T Texas.

[2] Southwestern Bell's Motion to Compel Interrogatory Responses, served September 8, 2006, is pending before this Court.

<u>Mr. Palmer's second lawsuit (No. A06-CA-350-SS)</u>: On the very same day Mr. Palmer filed his lawsuit against Southwestern Bell described above, he also filed this federal lawsuit against Southwestern Bell, alleging, again, that Southwestern Bell had wrongfully terminated him in violation of the FMLA. However, Mr. Palmer did not have the Complaint in this lawsuit served on Southwestern Bell until September 11, 2006. Southwestern Bell promptly answered and has denied all Plaintiff's allegations of wrongdoing.[3]

Southwestern Bell seeks to have Mr. Palmer's second lawsuit against it consolidated with Mr. Palmer's first lawsuit against it for all purposes.

## Argument

FED. R. CIV. P. 42(a) states as follows:

> (a) **Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

In both lawsuits, *pro se* Plaintiff Mr. Palmer claims that he was terminated by his employer, Southwestern Bell, in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). The parties in Mr. Palmer's two lawsuits are identical and the claims and defenses in the two lawsuits are identical. This is clear from a comparison of the two lawsuits.

---

[3] Defendant's Original Answer served September 14, 2006.

| Mr. Palmer's first lawsuit<br>No. A06-CA-478-SS | Mr. Palmer's second lawsuit<br>No. A06-CA-350-SS |
|---|---|
| Plaintiff: Adrian Palmer<br>Defendant: SBC/ATT (Southwestern Bell) | Plaintiff: Adrian Palmer<br>Defendant: ATT/SBC (Southwestern Bell) |
| Statute relied on by Mr. Palmer: FMLA (Petition ¶ V) | Statute relied on by Mr. Palmer: FMLA (Complaint, 7th and 8th pages) |
| Mr. Palmer's factual allegations:<br>• October 24, 2004 car accident (Petition ¶ V)<br>• February 19, 2005 accident (Petition ¶ V)<br>• Discharge by Southwestern Bell (Petition ¶ VII) | Mr. Palmer's factual allegations:<br>• October 24, 2004 car accident (Complaint, 7th page)<br>• February 19, 2005 car accident (Complaint, 8th page)<br>• Discharge by Southwestern Bell (Complaint, 6th page) |
| Claimed entitlement to exercise rights under FMLA (Petition ¶ V) | Claimed entitlement to exercise rights under FMLA (Complaint, 8th page) |
| Prayer for reinstatement to employment and damages (Petition pages 3-4) | Prayer that Defendant be directed to re-employ Plaintiff and for damages (Complaint, 6th page) |
| Southwestern Bell's affirmative defenses:<br>• Defendant acted reasonably and in good faith<br>• Plaintiff failed to timely provide health care certificate<br>• Plaintiff's failure to mitigate<br>• If on FMLA leave, Plaintiff unable to perform his job duties (Defendant's Original Answer ¶¶ 9-12) | Southwestern Bell's affirmative defenses:<br>• Defendant acted reasonably and in good faith<br>• Plaintiff failed to timely provide health care certificate<br>• Plaintiff's failure to mitigate<br>• If on FMLA leave, Plaintiff unable to perform his job duties (Defendant's Original Answer ¶¶ 3-6) |

The Fifth Circuit has recognized that "[t]he proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure." *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984). The goal of consolidation is to expedite trial and eliminate unnecessary repetition and confusion. *Id.*; *Morrison v. Amway Corp.*, 186 F.R.D. 401, 402 (S.D. Tex. 1998). When the parties in the cases are identical, the action is particularly well suited for consolidation. *Morrison v. Amway*

*Corp., supra*, at 403 ("Actions involving the same parties are likely candidates for consolidation, but a common question of law or fact is sufficient.")

Because the two cases involve the same questions of law and fact, consolidation will not necessitate changing any of the dates or deadlines in the Scheduling Order. Consolidating Mr. Palmer's two lawsuits will conserve judicial resources, expedite the litigation process, avoid duplicative efforts, and serve the interests of justice.

## Conclusion

In light of the foregoing points and authorities, Southwestern Bell respectfully prays that this action be consolidated with the lawsuit pending in this Court captioned *Adrian Palmer, Plaintiff v. SBC/ATT, Defendant*, United States District Court for the Western District of Texas, Austin Division, No. A06-CA-478-SS for purposes of discovery and trial. A proposed form of Order is submitted herewith.

    Respectfully submitted,

    GRAVES DOUGHERTY HEARON & MOODY, PC
    401 Congress Avenue, Suite 2200
    Austin, Texas 78701
    (512) 480-5600
    FAX: (512) 480-5845

    By: _/s/ Richard D. Yeomans_
    Richard D. Yeomans
    State Bar No. 24030014
    Michelle Alcala
    Texas Bar No. 24040403

    ATTORNEYS FOR DEFENDANT
    SOUTHWESTERN BELL TELEPHONE,
    L.P., D/B/A AT&T TEXAS

## CERTIFICATE OF SERVICE

      I hereby certify that on September 15, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and have mailed the document by certified mail, return receipt requested, postage prepaid to the following non-ECF participant:

Adrian Palmer, Pro Se
5301 Hallmark Street
Austin, Texas 78723

                                                    Richard Yeomans

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ADRIAN PALMER,<br>      Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. A06-CA-350-SS |
| | § | |
| SBC/ATT,<br>      Defendant | §<br>§<br>§ | |

## ORDER OF CONSOLIDATION

THIS MATTER having come before the Court on Defendant's Motion to Consolidate filed September 15, 2006, the Court being fully advised in the premises, FINDS that the Motion is well taken and should be granted.

IT IS THEREFORE ORDERED that this case, captioned *Adrian Palmer, Plaintiff v. SBC/ATT, Defendant*, United States District Court for the Western District of Texas, Austin Division, No. A06-CA-350-SS be, and hereby is, consolidated with the action pending in this Court captioned *Adrian Palmer, Plaintiff v. SBC/ATT, Defendant*, United States District Court for the Western District of Texas, Austin Division, No. A06-CA-478-SS for purposes of discovery and trial.

_____
UNITED STATES DISTRICT COURT JUDGE